**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | | |
|---|---|---|
| LOGIC TECHNOLOGY DEVELOPMENT LLC | : | Case No.: _____ |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Judge _____ |
| v. | : | |
| | : | |
| AVI LEVY and ELECTRONIC CIGARETTE USA INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

_____

**COMPLAINT**
_____

Plaintiff Logic Technology Development LLC, by its undersigned counsel, for its complaint against Defendants Avi Levy and Electronic Cigarette USA Inc. states as follows:

**I.     NATURE OF THE CASE**

1.     Plaintiff Logic Technology Development LLC ("Logic") seeks damages and injunctive and other relief against Avi Levy and Electronic Cigarette USA Inc. (together, "Defendants") for trademark infringement, unfair competition, false designation of origin, cybersquatting, and other deceptive trade practices with respect to Defendants' impersonation of Logic by using the mark "Logic Smoke" for competitive electronic cigarette products and other actions that are likely to confuse consumers. As alleged more fully below, Defendant's use of a

mark confusingly similar to the Logic's own LOGIC Mark poses a likelihood of confusion as to source, affiliation, connection, association or permission between Logic and Defendants.  Logic has not authorized or permitted Defendants to use its LOGIC mark or colorable imitations thereof in connection with Defendants' competitive electronic cigarette products.   Unless addressed by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion and irreparable injury to Logic.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Logic Technology Development LLC is a limited liability company formed under the laws of Delaware with a business address at 600 College Rd. East, #1100, Princeton, NJ 08540.

3.      On information and belief, Defendant Avi Levy ("Levy") is a resident of Florida with an address at 1400 Nautilus Isle, Dania Beach, FL 33004.  On further information and belief, Levy (a) is the managing member and registered agent of Electronic Cigarette USA Inc. and (b) registered, owns, operates, and conducts business on some or all of the Infringing Domains (defined and discussed below).

4.      On information and belief, Defendant Electronic Cigarette USA Inc. ("E-Cig USA") is a corporation organized under the laws of the State of Florida with an address at 2832 Stirling Road, Suite O, Hollywood, Florida 33020.  On further information and belief, E-Cig USA registered, owns, operates, and conducts business on some or all of the Infringing Domains (defined and discussed below).

5.     This is a civil action arising from Defendants' infringement of the LOGIC Mark. The claims alleged in this complaint arise under the Lanham Act, including 15 U.S.C. § 1125, *et. seq.*, 15 U.S.C. § 1057(c), and state law.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.   Moreover, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all claims arising under state law, in that such claims are so related to Logic's claims within the original jurisdiction of this Court that they form part of the same case or controversy.   This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

7.     This Court has personal jurisdiction because the Defendants have purposefully availed themselves of the privilege of doing business in this District.   Defendants own, operate, and conduct business through the Infringing Domains, which are e-commerce websites that are accessible by Internet users in this District and offer goods to residents of New Jersey. Defendants have sold and shipped their tobacco-related goods bearing the Infringing Mark (defined below) in New Jersey.   Attached as *Exhibit 1* are true and correct copies of receipts from such goods sold and shipped in New Jersey.   The infringing products and services offered and advertised by Defendants are capable of being ordered, and have been ordered, by purchasers in New Jersey, and are capable of being shipped, and have been shipped, to purchasers in New Jersey. Moreover, the injury caused by Defendants' conduct arises, at least in part, in this District. Further, venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this

District, the Defendants conduct substantial business in this District, and Logic's injuries occurred, at least in part, in this District.

## II.  <u>STATEMENT OF THE CLAIMS</u>

8.     As set forth below, Defendants advertised, marketed, planned manufacture, distributed, offered for sale, and provided goods that infringe upon Logic's ownership rights in its federal, state, and common law trademark rights in the LOGIC Mark, and that are likely to cause confusion as to affiliation, connection, or association, of Defendants with Logic, or as to the origin, sponsorship, or approval of Defendants' infringing products and services by Logic.

9.     This action seeks damages and injunctive and other relief for:

a.  **Count One**: Federal Trademark Infringement under 15 U.S.C. § 1114.

b.  **Count Two**: Unfair Competition and False Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

c.  **Count Three**:  False Designation of Origin and Passing Off in Commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

d.  **Count Four**: Cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A).

e.  **Count Five**: Violation of New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2.

f.  **Count Six**: Unfair Competition in Violation of N.J. Stat. Ann. § 56:4.

g.  **Count Seven:** Trademark Infringement and Unfair Competition in violation of state common law.

## III.   STATEMENT OF FACTS

**The LOGIC Mark**

10.     Logic's flagship brand LOGIC is one of the most popular electronic cigarette brands in the country. Logic is a leader in the electronic cigarettes category and uses quality components and e-liquids in its products. Logic supplies disposable and rechargeable electronic cigarette products that are equipped with powerful batteries, resulting in an easy draw.

11.     Logic is the owner of valid and subsisting United States Trademark Registration No. 3988791 on the Principal Register in the United States Patent and Trademark Office for the mark LOGIC (hereinafter the "LOGIC Mark") for "Electric cigarettes; Electronic cigarettes; Electronic cigarettes for use as an alternative to traditional cigarettes" (collectively, "Logic's Goods"), which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as *Exhibit 2* are true and correct copies of the registration certificate, maintenance records, and chain of title recordation summaries for Logic's United States Trademark Registration No. 3988791, which was registered by the United States Patent and Trademark Office on July 5, 2011.

12.     Around the LOGIC Mark, Logic has built a family of "Logic" sub-brands and corresponding registrations, including LOGIC PLATINUM (Reg. No. 4916378) and LOGIC PRO (Reg. No. 5095939).  True and correct copies of these registration certificates are included in *Exhibit 2*.

13.     Through its predecessors-in-interest, Logic has used the LOGIC Mark in commerce throughout the United States continuously since at least as early as August 20, 2010 in connection with electric cigarettes, electronic cigarettes, and electronic cigarettes for use as an

alternative to traditional cigarettes. Attached hereto as *Exhibit 3* is a true and correct product packaging picture showing Logic's use of the LOGIC Mark in connection with Logic's Goods.

14.     As a result of its widespread, continuous and exclusive use of the LOGIC Mark to identify Logic's Goods and LOGIC as their source, LOGIC owns valid and subsisting federal statutory and common law rights to the LOGIC Mark.

15.     The LOGIC Mark is distinctive to both the consuming public and Logic's trade.

16.     Logic has expended substantial time, money, and resources marketing, advertising, and promoting Logic's Goods sold under the LOGIC Mark, including through email newsletters, promotional literature, and Logic's own promotional and e-commerce website: <www.logicvapes.us>.

17.     Logic, through its own e-commerce website and through its authorized distributors at brick-and-mortar stores, advertises and sells Logic's Goods under the LOGIC Mark throughout the United States.

18.     As a result of Logic's product quality and its promotional expenditures and efforts, the LOGIC Mark has come to signify high quality products in the electronic cigarette industry, and the LOGIC Mark has acquired significant distinction, reputation, and goodwill belonging exclusively to Logic.

**Defendants' Unlawful Activities**

19.     Upon information and belief, Defendants are engaged in the promotion, sale, and distribution of electric cigarettes; electronic cigarettes; electronic cigarettes for use as an alternative to traditional cigarettes.

20.     Without Logic's authorization, and upon information and belief, beginning after Logic acquired protectable exclusive rights in its LOGIC Mark, Defendant adopted and began using the mark "Logic Smoke" (the "Infringing Mark") in United States commerce.

21.     Upon information and belief, Defendant has been and continues to be engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of electronic cigarettes and related products under the Infringing Mark in the United States.

22.     The Infringing Mark adopted and used by Defendant is confusingly similar to the LOGIC Mark.

23.     Indeed, the United States Patent and Trademark Office agreed that the registration of the Infringing Mark was not permitted because of a likelihood of confusion with the LOGIC Mark.  Defendant Electronic Cigarette USA, claiming an intent to use the mark, applied to register the Infringing Mark on August 19, 2013 in connection with, as later amended, *identical* goods as those listed in the LOGIC Mark registration (listed in Paragraph 11 above).   In reviewing the application for the Infringing Mark, the Trademark Office refused to register the mark because it was likely to cause confusion with the LOGIC Mark and stated: "A reasonable consumer very naturally would assume that all of the LOGIC electronic cigarettes came from a common source.  Because such confusion is likely, registration of the applicant's mark must be refused." Attached hereto as *Exhibit 4* is a true and correct copy of the Trademark Office's refusal to register the Infringing Mark.

24.     Even after Defendant Electronic Cigarette USA presented arguments, the Trademark Office issued a final refusal, emphasizing that "[a] reasonable consumer, already familiar with the registrant's LOGIC electronic cigarettes, naturally would believe that the

applicant's LOGIC electronic cigarettes came from the same source.  The addition of non-distinctive wording such as 'hookah' and 'smoke' would not make clear to consumers that the products came from different sources.  Accordingly, the refusal to register the applicant's mark must be continued and made **final**." (emphasis in original).  Attached hereto as *Exhibit 5* is a true and correct copy of the Trademark Office's final refusal to register the Infringing Mark.

25.     Defendants did not appeal or request reconsideration of the Trademark Office's refusal to register the infringing mark, and they abandoned their application.  Attached hereto as *Exhibit 6* is a true and correct copy of the Trademark Office's notice of abandonment.

26.     Despite the record notice of the LOGIC Mark federal registration (*see Exhibit 2*) and the Trademark Office's express refusal to register the Infringing Mark, Defendants moved forward to adopt and use the Infringing Mark in the marketplace.  Attached hereto as *Exhibit 7* are true and correct copies of representative website screenshots showing Defendants' current use of the Infringing Mark.

27.     Upon information and belief, Defendants sell their goods under the Infringing Marks in connection with products identical and closely related to Logic's Goods in the electronic cigarette category.  Moreover, upon information and belief, Defendants sell these goods through identical and similar trade channels, including e-commerce websites, and to the same types of customers to whom Logic sells its products under the LOGIC Mark.

28.     In so doing, it is clear that the Defendants' intentions are to impersonate Logic or confuse consumers with regard to a connection with Logic and its LOGIC Mark, a connection that does not exist.

29.     After the Trademark Office registered Logic's LOGIC Mark to provide record notice of Logic's rights, upon information and belief, Defendants registered and continue to own a suite of internet domain names that include the word "Logic" and a generic component or phrase related to electronic cigarettes:

a. logic-ecig.com;

b. logic-ecigs.com;

c. logic-electronic-cigarette.com;

d. logic-electronic-cigarettes.com;

e. logicelectroniccigarette.com;

f. logicelectroniccigarettes.info;

g. logic-electronic-cigarettes.info;

h. logic-electronic-cigarette.info;

i. logicelectroniccigarettes.net;

j. logic-electronic-cigarettes.net;

k. logicelectroniccigarettes.info;

l. logicelectroniccigarettes.org;

m. logic-smokes.info;

n. logicsmokes.info;

o. logic-smokes.com;

p. logicsmokes.net; and

q. logic-smokes.net (collectively, "Infringing Domains").

30.     Even after the U.S. Patent and Trademark Office denied registration of the Defendants' Infringing Mark, Defendants have misappropriated the imprimatur of the federal registration symbol (®) by widely displaying it on Defendants' products when, in fact, the Infringing Mark is not a registered mark.  Attached hereto as *Exhibit 8* is a true and accurate copy of a picture of Defendants' products showing improper use of the ® symbol.

31.     Defendants' misappropriation of the federal registration symbol is deliberate and intends to deceive and mislead the public.  It is deceptive not only with regard to the unregistered status of the Infringing Mark but that it creates confusion as to the relationship with Logic, the owner of the registered LOGIC Mark.  The misuse is likely to cause consumers to believe that Defendants' products are affiliated with Logic and its family of products, when they are not.

32.     In short, Defendants advertised, marketed, distributed, offered for sale, and provided goods that infringe upon Logic's ownership rights in its federal, state, and common law trademark rights in the LOGIC Mark, and is likely to cause confusion as to affiliation, connection, or association, of Defendants with Logic, or as to the origin, sponsorship, or approval of Defendants' infringing products and services by Logic.

33.     These types of misappropriations appear to be a pattern of conduct for the Defendants.

34.     In October 2012, Reynolds Innovations Inc. ("Reynolds"), the trademark holding company of R.J. Reynolds Tobacco Company, filed an infringement suit against the Defendants in the United States District Court for the Middle District of North Carolina.  The lawsuit alleged that Defendants were selling unauthorized e-liquid nicotine products bearing Reynolds's CAMEL, WINSTON, and KOOL marks.

35.     Attached hereto as *Exhibit 9* is a true and correct copy of the Middle District of North Carolina's Final Judgment and Permanent Injunction on Consent.  In that order, the Middle District of North Carolina entered findings that confirmed Reynolds's allegations of infringement, enjoined Defendants from such acts, and ordered Defendants to pay Reynolds in accordance with the parties' agreement.

36.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of the LOGIC Mark, cause confusion and deception in the marketplace, and divert potential sales of Logic's Goods to the Defendants.

37.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Logic and to its valuable reputation and goodwill with the consuming public for which Logic has no adequate remedy at law.

## <u>COUNT ONE</u>
**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

38.      Logic incorporates the allegations contained in paragraphs 1 through 38 as if fully restated herein.

39.     Logic believes that it is or is likely to be damaged by the Defendants' wrongful and unauthorized use of the Infringing Mark in commerce and interstate commerce.

40.     Defendants' use of the Infringing Mark causes a likelihood of consumer confusion, mistake, and deception with the LOGIC mark and constitutes an infringing use of the LOGIC mark in violation of 15 U.S.C. § 1114.

41.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Logic's prior rights in the LOGIC Mark and with the willful intent to cause confusion and trade on Logic's goodwill.

42.     Defendants' conduct is causing immediate and irreparable harm and injury to Logic, and to its goodwill and reputation, and will continue to both damage Logic and confuse the public unless enjoined by this court. Logic has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Logic for its injuries.

43.     Logic is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

44.     Logic incorporate the allegations contained in paragraphs 1 through 44 as if fully restated herein.

45.     Defendants' use of the Infringing Mark violates 15 U.S.C. § 1125(a) because their use of the Infringing Mark in commercial advertising and promotions misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods and services—for example, misrepresenting that Logic endorses or is affiliated with Defendants' goods and services.  Such statements made to consumers are material.

-12-

46.    Defendants' use of the Infringing Mark causes a likelihood of confusion, and Logic can properly insist that its reputation should not be imperiled by the acts of another over which Logic has no control.

47.    Defendants' actions and omissions have been and continue to be willful and deliberate, designed to trade upon the consumer goodwill enjoyed by Logic.

48.    Logic's goodwill is of substantial and rapidly growing value.  Logic is suffering and will continue to suffer irreparable harm if Defendants' unfair competition as to the Infringing Mark is allowed to continue.

49.    Defendants' acts constitute unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Defendants' unfair competition will continue unless enjoined by this Court. An award of monetary damages alone cannot fully compensate Logic for its injuries.  Logic lacks an adequate remedy at law

51.    Logic is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## <u>COUNT THREE</u>
**(Federal False Designation of Origin and Passing Off Under 15 U.S.C. § 1125(a))**

52.    Logic incorporates the allegations contained in paragraphs 1 through 53 as if fully restated herein.

53.     Defendants are likely to cause confusion, mistake or deception as to the source or affiliation of Defendants' goods and services.

54.     Defendants' unauthorized use of the Infringing Mark falsely indicates to consumers that Logic or its agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with Defendants, or that Defendants are connected with, sponsored, endorsed, authorized, or approved by or affiliated with Logic.

55.     Defendants' unauthorized use of the Infringing Mark allows Defendants to receive the benefit of Logic's goodwill, which Logic has established at great labor and expense, and allows Defendants to gain acceptance of their goods and services, based not on their own qualities, but on the reputation, investment, hard work, reputation, and goodwill of Logic.

56.     Defendants' acts constitute a false designation of origin and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). An award of monetary damages alone cannot fully compensate Logic for its injuries.

57.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Logic, and to its goodwill and reputation, and will continue to both damage Logic and confuse the public unless enjoined by this court. Logic has no adequate remedy at law.

58.     Logic is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR
### (Cybersquatting, 15 U.S.C. § 1125(d)(1)(A))

59.     Logic incorporates the allegations contained in paragraphs 1 through 59 as if fully restated herein.

60.     Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Infringing Domains by creating an association with the LOGIC Mark as to source or sponsorship.

61.     The second-level domain name portions of each Infringing Domain are confusingly similar to, and dilute the distinctive quality of, the LOGIC Mark.

62.     Logic has been damaged by Defendants' unlawful registration and use of the Infringing Domains and will suffer irreparable harm.

63.     Defendants' acts are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

64.     Pursuant to the ACPA, Defendants must relinquish all rights in the Infringing Domains, and Logic is entitled to the benefit of an order directing the domain registrars for the Infringing Domains or any other party in position to do so, to transfer the Internet domain name to Logic.

## COUNT FIVE
**(Violation of New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2)**

65.     Logic incorporates the allegations contained in paragraphs 1 through 65 as if fully restated herein.

66.     Defendants' deliberate and willful use of the Infringing Mark in direct competition with Logic and Defendants' deliberate false and misleading statements to consumers about its products, services, and Infringing Mark constitutes an unlawful practice within the meaning of the new Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2.

67.     Defendants' use of the Infringing Mark and statements is likely to cause deception among consumers in further violation of the New Jersey Consumer Fraud Act.

68.     Defendants' sale of electronic cigarette products and related products bearing the Infringing Mark constitutes "merchandise" within the definition set forth in N.J. Stat. Ann. § 56:8-1.

69.     Because Defendants have acted in direct commercial competition with Logic, Logic has suffered an ascertainable loss as a result of Defendants' unlawful practices.

70.     Defendants' unlawful actions in violation of the New Jersey Consumer Fraud Act entitle Logic to, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by Logic, as well as reasonable attorneys' fees, filing fees and reasonable costs of suit, as provided under N.J. Stat. Ann. § 56:8-19.

## COUNT SIX
### (Unfair Competition in Violation of N.J. Stat. Ann. § 56:4)

71.     Logic incorporates the allegations contained in paragraphs 1 through 71 as if fully restated herein.

72.     Defendants' use of the Infringing Mark is an improper appropriation of the LOGIC Mark for Defendants' own name, brand, trade-mark, reputation, and goodwill for the same products as the Logic Goods.

73.     Defendants' use of the Infringing Mark is likely to cause consumer confusion as to its products' origins.

74.     Defendants' activities constitute an impermissible appropriation under N.J. Stat. Ann. § 56:4-1.

75.     Defendants' activities have injured Logic, the maker of the true LOGIC Mark-branded electronic cigarette products.

76.     Logic is entitled to an injunction against such practices, and Defendants are liable to Logic for treble of all damages, directly or indirectly caused, under N.J. Stat. Ann. § 56:4-2.


## COUNT SEVEN
### (Trademark Infringement and Unfair Competition in Violation of State Common Law)

77.     Logic incorporates the allegations contained in paragraphs 1 through 77 as if fully restated herein.

78.     The acts and omissions of Defendants complained of herein constitute trademark infringement, passing off, unprivileged imitation, and unfair competition in violation of state common law.

-17-

79.    Logic has been and will continue to be injured as a result of Defendants' unlawful and unauthorized practices.  Further, Defendants' wrongful practices have actually deceived and have a tendency to deceive customers and potential customers.

80.    Unless the foregoing alleged actions of Defendants are enjoined, Logic will suffer damage and injury.

81.    The injury to Logic is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Logic for its injuries, and Logic lacks an adequate remedy at law.

82.    Logic is entitled to an award of damages, injunctive relief against Defendants, as well as other remedies available under common law, including, but not limited to, costs and attorneys' fees.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Logic requests that the Court enter judgment:

1. In favor of Logic and against Defendants on all of Logic's claims;

2. To permanently enjoin and restrain Defendants and their agents, partners, subsidiaries, servants, employees, attorneys, successors, representatives, assigns and affiliates, and all others in concert, privity, or participation with them from the actions complained of herein, including, but not limited to:

   a. manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any goods or services bearing the Infringing Mark or any

other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the LOGIC mark;

b. engaging in any activity that infringes Logic's rights in its LOGIC Mark;

c. engaging in any activity constituting unfair competition with Logic;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Logic or (ii) Logic's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Logic or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with the LOGIC mark, or any goods or services of Logic, or Logic as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by these sub-paragraphs (a) through (g).

-19-

3. Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Logic's LOGIC mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Logic's LOGIC mark, and to immediately remove them from public access and view.

4. Requiring Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, to deliver to Troutman Sanders LLP, Troutman Sanders Building, 1001 Haxall Point, Richmond, Virginia  23219, Attn: Chris Forstner, for destruction all labels, signs, prints, packages, bottles, receptacles, containers, products, clothing, advertisements, and any other object or tangible thing in Defendant's possession or control bearing Logic's LOGIC Mark and any colorable imitation thereof in connection with electronic cigarettes and any other related goods and services;

5. Ordering Defendants to relinquish all rights in the Infringing Domains to Logic; and directing the registrar for each Infringing Domain or any other party in position to do so, to transfer the Internet domain name to Logic;

6. Requiring Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Troutman Sanders LLP, Troutman Sanders Building, 1001 Haxall Point, Richmond, Virginia  23219, Attn: Chris Forstner, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction;

7. Awarding Logic its actual damages and a total damages amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), N.J. Stat. Ann. § 56:8-19, and N.J. Stat. Ann. § 56:4-2;

8. Directing that Defendants account to and pay over to Logic all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Logic for the damages caused thereby;

9. Awarding Logic its reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and/or other applicable law;

10. Awarding Logic interest, including prejudgment and post-judgment interest, on the foregoing sums; and

11. Awarding Logic all such other such relief as the Court may deem just and proper.

[*valediction and signature on following page*]

-21-

Respectfully submitted,

TROUTMAN SANDERS LLP

/s/ Eunjin Elissa Lee
    Eunjin Elissa Lee
    875 Third Avenue
    New York, New York 10022
    Tel: (212) 704-6000

    *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2017, a copy of the foregoing Complaint was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Eunjin Elissa Lee
Attorney for the Plaintiff