**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGIC TECHNOLOGY DEVELOPMENT LLC, | |
| Plaintiff, | Civil Action No. 17-4630 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| AVI LEVY and ELECTRONIC CIGARETTE USA INC., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Avi Levy ("Levy") and Electronic Cigarette USA Inc.'s ("E-Cig USA") (collectively, "Defendants") motion to dismiss the Complaint pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure. (ECF No. 12.) Plaintiff Logic Technology Development LLC ("Plaintiff") filed opposition (ECF No. 14), and Defendants filed a reply (ECF No. 20).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is denied, without prejudice. Defendants may file a renewed motion upon the completion of jurisdictional discovery.

**I.    Background**

Plaintiff supplies disposable and rechargeable electronic cigarette products through its trademarked brand "LOGIC." (Compl. ¶ 10, ECF No. 1.) Defendants are also in the business of supplying electronic cigarette products. (*Id.* ¶ 19.) On June 23, 2017, Plaintiff filed a verified

complaint, seeking "damages and injunctive and other relief against [Defendants] for trademark infringement, unfair competition, false designation of origin, cybersquatting, and other deceptive trade practices." (*Id.* ¶ 1.)

Plaintiff alleges that Defendants engaged in the promotion, sale, and distribution of electronic cigarettes in direct infringement of Plaintiff's trademarked brand through use of the mark "Logic Smoke." (*Id.* ¶¶ 19-20, 26.) Specifically, Plaintiff alleges that Defendants' mark "Logic Smoke" is confusingly similar to its own registered trademark, and that Defendants' unauthorized use of the similar mark would mislead potential consumers. (*Id.* ¶¶ 22-32, 39-40.) As a result, Plaintiff alleges that Defendants' conduct was intended to cause confusion and that Defendants intended to profit from the similarity between the two marks. (*Id.* ¶¶ 41-42.)

Plaintiff contends that a monetary damages award could not fully compensate it for its injuries and seeks injunctive relief,[1] award of actual damages, "Defendant's [sic] profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117," and pre- and post-judgment interest. (*Id.* ¶ 43.) Plaintiff's Complaint alleges seven counts against Defendants, asserting claims for: (1) Federal trademark infringement under 15 U.S.C. § 1114; (2) unfair competition and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) false designation of origin and passing off in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A); (5) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2; (6) unfair competition in violation of N.J.S.A. § 56:4; and (7) trademark infringement and unfair competition in violation of state common law. (Compl. ¶¶ 9(a)–(g).)

---

[1] Plaintiff has not made any application for emergent relief.

On December 4, 2017, Defendants filed a Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to adequately meet the pleading requirement through Plaintiff's "lumping" together of Defendants. (Defs.' Moving Br. 2-11, ECF No. 12-1.)

## II. Discussion

### A. Personal Jurisdiction Standard

When a motion to dismiss for lack of personal jurisdiction is filed, the plaintiff bears the burden of proof in establishing the existence of jurisdiction. *Mellon Bank (East) P.S.F.S., Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). In deciding a motion to dismiss for lack of jurisdiction, "a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). As to jurisdiction, however, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . not mere allegations." *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (internal quotation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure authorizes a federal district court to assert personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state in which the district court sits. *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute "provides for jurisdiction up to the limits of the protection afforded to nonresidents by the Due Process Clause of the Fourteenth Amendment." *Telcordia Tech, Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992); *see generally* N.J. Ct. R. 4:4-4. A court has jurisdiction, therefore, if it is determined that the defendant has "certain minimum contacts with

[New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court is authorized to exercise two types of personal jurisdiction: general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction over a corporation may be exercised where the corporation is "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporation is at home where it has its "place of incorporation and principal place of business" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), or where its affiliations with the state are so "continuous and systematic" as to render it essentially at home in the forum state. *Goodyear*, 564 U.S. at 919. Plaintiff does not appear to be arguing that the Court has general jurisdiction over Defendants, and nothing currently before the Court suggests that general personal jurisdiction would be appropriate. The Court, therefore, focuses the analysis on specific jurisdiction.

Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). Plaintiff argues that there is evidence of three online sales made by Defendants to New Jersey residents and, therefore, the Court has jurisdiction. (Pl.'s Opp'n Br. 18, ECF No. 14.) Defendants, however, contend that "the ability to order merchandise from an e-commerce website and have it shipped anywhere around the country . . . has never been sufficient in this District to establish personal jurisdiction." (Defs.' Moving Br. 5, ECF No. 12-1.)

4

The key inquiry for the Court to determine whether personal jurisdiction exists is the degree of the website's interactivity with the forum state. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 538-39 (D.N.J. 2002). When a website is *actively* used to conduct business over the internet, personal jurisdiction is appropriate. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). On the other hand, personal jurisdiction is never appropriate for passive sites. *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 336 (D.N.J. 2000). Here, the information before the Court is insufficient to determine whether specific personal jurisdiction exists.

The fact that New Jersey residents could view Defendants' websites or that the products eventually ended up in the possession of New Jersey residents is not enough to support a finding of personal jurisdiction. *Harris v. SportBike Track Gear*, 2015 WL 5648710, at *7 (D.N.J. Sept. 24, 2015). There must be evidence that Defendants purposefully availed themselves "of conducting activity in the forum state, by directly targeting [their] web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454. In order to warrant a finding of personal jurisdiction, Plaintiff must show that the sales were not "fortuitous," "random," and "attenuated" because contacts of these kinds have been held to be insufficient for the court to exercise personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).[2]

The Court, therefore, will deny the motion to dismiss, without prejudice, and will grant the parties three weeks from the date of this decision to conduct the jurisdictional discovery necessary

---

[2] The Court also notes that no party has briefed the second prong necessary for specific jurisdiction, namely, whether this litigation "arises out of or relates to" the three New Jersey sales, which appear to be online purchases made by non-parties.

5

to determine whether personal jurisdiction exists. Upon the completion of jurisdictional discovery, Defendants may renew their motion or file another appropriate application.[3]

### III. Conclusion

For the reasons set forth above, it is hereby ordered that Defendants' Motion to Dismiss is denied without prejudice. The parties must complete jurisdictional discovery by August 3, 2018. An order consistent with this memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

Dated: July 11, 2018

---

[3] The Court declines to reach the issues regarding venue or group pleading at this time. These issues may be raised in a subsequent submission after the Court resolves the jurisdictional question.