NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOGIC TECHNOLOGY DEVELOPMENT LLC,

        Plaintiff,

v.

LEVY, et al.,

        Defendants.

Civil Action No. 17-4630 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Logic Technology Development LLC's ("Plaintiff") Motion to Dismiss Defendants Avi Levy and Electronic Cigarette USA Inc.'s (collectively, "Defendants") Counterclaims. (ECF No. 34.) Defendants opposed (ECF No. 44), and Plaintiff replied (ECF No. 45). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion to Dismiss.

**I.   BACKGROUND[1]**

Both Plaintiff and Defendants are in the business of supplying vaping products and claim to be the first to use the "Logic" trade name in that industry. Plaintiff obtained Trademark No. 3,988,791 for the trade name "Logic" ("'791 Logic Mark") on July 5, 2011. (ECF No. 34-3 at *7.)

---

[1] The Court only sets forth background information necessary to decide the instant motion and adopts relevant facts from its July 11, 2018 Memorandum Opinion (ECF No. 21).

Plaintiff filed its Complaint on June 23, 2017. (ECF No. 1.) Plaintiff sought "damages and injunctive and other relief against [Defendants] for trademark infringement, unfair competition, false designation of origin, cybersquatting, and other deceptive trade practices." (*Id.* ¶ 1.) Plaintiff alleged that Defendants engaged in the promotion, sale, and distribution of electronic cigarettes in direct infringement of Plaintiff's trademarked brand through use of the mark "Logic Smoke." (*Id.* ¶¶ 19-20, 26.) Specifically, Plaintiff alleged that Defendants' mark "Logic Smoke" is confusingly similar to its own registered trademark, and that Defendants' unauthorized use of the similar mark would mislead potential consumers. (*Id.* ¶¶ 22-32, 39-40.) As a result, Plaintiff alleges that Defendants' conduct was intended to cause confusion and that Defendants intended to profit from the similarity between the two marks. (*Id.* ¶¶ 41-42.)

After Defendants moved to dismiss the Complaint (ECF No. 12) and the parties engaged in discovery into jurisdictional issues, Defendants filed an Answer and Counterclaims on May 3, 2019 (ECF No. 30). Defendants' Answer and Counterclaims allege, generally, that Defendants were the first to use the "Logic" trade name in the vaping industry and that Plaintiff fraudulently obtained the '791 Logic Mark and other associated trademarks that incorporate the name "Logic."[2] Defendants assert the following counterclaims, which all allege fraud as a basis of relief[3]: Counterclaim Count One—Declaratory Judgment of Invalidity and Unenforceability; Counterclaim Count Two—Cancellation of the '791 Logic Mark under 15 U.S.C. § 1064;

---

[2] Defendants also contest trademarks that do not contain the word "Logic." *See infra* III.B.

[3] (*See* Counterclaim Count One ¶ 47 ("Any rights which [Plaintiff] may have had . . . are invalid and unenforceable due to [Plaintiff's] commission of fraud . . . ."); Counterclaim Count Two ¶ 58 ("[The '791 Logic Mark] is subject to cancellation because it was obtained fraudulently."); Counterclaim Count Three ¶ 64 ("These representations were false when made and constituted fraud . . . ."); Counterclaim Count Four ¶ 71 ([Plaintiff's] submission of false declarations . . . constituted procurement of multiple registrations by a false or fraudulent declaration . . . ."); Counterclaim Count Five ¶ 74.)

Counterclaim Count Three—Cancellation of several other associated trademarks under 15 U.S.C. § 1064; Counterclaim Count Four—Fraudulent Procurement of Registration under 15 U.S.C. § 1120; and Counterclaim Count Five—Common Law Trademark Infringement.

Plaintiff moves to dismiss all Counterclaims, averring that: (1) Counts One, Four, and Five are untimely; (2) Defendants fail to plead an interest in several trademarks that do not contain the word "Logic"; and (3) Defendants fail to plead issues of fraud with sufficient particularity.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For claims of fraud, however, Rule 9(b) imposes a heightened pleading standard. *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 510 (D.N.J. 1999). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A claimant "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citation and quotation marks omitted). A claimant must "inject precision or some measure of substantiation," such as pleading the "date, time, and place of the alleged fraud." *Id.* Regardless of whether Rule 8(a)(2) or 9(b) applies, on a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

#### A. Plaintiff fails to meet its burden of showing that Counterclaim Counts One, Four, and Five are untimely.

The Court finds, and the parties agree, that New Jersey's six-year statute of limitations for fraud applies to all counterclaims here. N.J. Stat. Ann. § 2A:14–1; *see Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140, 143 (3d Cir. 1997); *Kelly v. Estate of Arnone ex rel. Ahern*, No. 08-6046, 2009 WL 2392108, at *7 (D.N.J. Aug. 3, 2009); *see also* (Pl.'s Moving Br. 7–8); (Opp'n Br. 3–4.) Plaintiff argues that "the date that triggered the statute of limitations for [these Counts] is the registration date of the ['791 Logic Mark], i.e., July 5, 2011." (Pl.'s Reply Br. 4., ECF No. 45.) Accordingly, Plaintiff argues that the six-year limitations period accrued on July 5, 2017, long before Defendants filed their answer and counterclaims on May 3, 2019. (*See* Pl.'s Moving Br. 10,

4

18, 20, ECF No. 34-1.) But Plaintiff assumes, with no citation to authority, that the six-year limitations period should be calculated based on the filing date of the answer. Plaintiff fails to discuss whether Defendants' counterclaims are compulsory or permissive and fails to address precedent that filing a complaint tolls the statute of limitations for compulsory counterclaims.[4] Because Plaintiff filed its complaint on June 23, 2017—twelve days before Plaintiff argues the six-year limitations period accrued—Defendants' counterclaims may be timely. Plaintiff, accordingly, fails to meet its burden of showing that Defendants' counterclaims are untimely.

**B. Defendants fail to show an interest in the '716 Power Series Mark, '449 The Most Trusted Brand Mark, and '646 Gourmet Crème Mark.**

On Defendants' cancellation and fraudulent procurement counterclaims, Plaintiff argues that Defendants fail to establish standing to challenge three of the trademarks at issue because those trademarks do not contain the word "Logic": Registration Nos. 4,484,716 ("'716 Power Series Mark"); 4,626,449 ("'449 The Most Trusted Brand Mark"); and 5,188,646 ("'646 Gourmet Crème Mark") (collectively, "No-Logic Marks").[5] To establish standing for a cancellation claim under § 1064, a claimant must "plead . . . facts showing a real interest in the proceeding." *Kelly*,

---

[4] "The better view holds that 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1419, at 109 (1971)); *see N. Cty. Commc'ns Corp. v. Sprint Commc'ns Co., L.P.*, 691 F. App'x 466, 467 (9th Cir. 2017) (reversing district court's calculation of the limitations period for a counterclaim from the date of counterclaim rather than the date of the complaint).

[5] The Counterclaim characterizes these marks as "Logic Power Series," "Logic The Most Trusted Brand," and "Logic Gourmet Crème." (Counterclaim Count Three.) Plaintiff attaches the relevant trademark registrations, which list the registrations as "Power Series," "The Most Trusted Brand," and "Gourmet Crème." (Mot. to Dismiss Ex. 8, ECF No. 34-10.) The Court adopts the naming convention in the registrations and may consider these registrations on a motion to dismiss because Defendants' claims are based on these trademark registrations. *See In re Donald J. Trump Casino Sec. Litig.—Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

2009 WL 2392108, at *5. Similarly, to establish standing under § 1120, "it is not enough for the plaintiff merely to establish fraud in the registration of the trademark; the plaintiff must also show that it sustained some damage in consequence of the fraud." *Fenwick v. Dukhman*, No. 13-4359, 2015 WL 1307382, at *4 (D.N.J. Mar. 20, 2015) (internal quotation marks and citation omitted).

Defendants fail to plead a real interest in the three No-Logic Marks under § 1064. The Counterclaim avers that Defendants are harmed by Plaintiff's use of "Logic" trademarks but provides no basis for harm resulting from marks that do not contain the word "Logic." On the No-Logic Marks, the Counterclaim only pleads that "E-Cig USA has been and will continue to be damaged by the maintenance of [No-Logic Marks] . . . because the ownership of the marks has been asserted as grounds for [Plaintiff's] unfounded claims . . . against E-Cig USA." (Counterclaim ¶ 69.) But the No-Logic Marks are not the basis of the Complaint. The Complaint relies upon a "family of 'Logic' sub-brands and corresponding registrations" that include the word "Logic." (Compl. ¶ 12, ECF No. 1; Compl. Ex. 2, ECF No. 1-2.) Because the No-Logic Marks do not include the word "Logic" and are not relied upon in the Complaint, Defendants fail to plead a real interest in these marks under § 1064.

Defendants similarly fail on their § 1120 claim. Defendants plead that "E-Cig USA has been damaged by the submission of false and fraudulent declarations by . . . loss of sales and business due to consumer confusion," "loss of consumer goodwill through dilution of E-Cig USA's 'Logic' mark," and "fees and costs incurred in defense of [Plaintiff's] claims in this lawsuit." (Counterclaim ¶ 72.) Because Defendants fail to plead an interest in the No-Logic Marks, Defendants fail to plead any damages resulting from fraudulent statements made in applying for the No-Logic Marks. And because the No-Logic Marks are not relied upon in the Complaint, Defendants fail to show how those marks confuse customers, dilute Defendants' goodwill, or result in litigation expenses.

Defendants, accordingly, fail to plead the requirements for standing for the No-Logic Marks. Defendants sufficiently plead a basis for standing for the remaining marks, however, because these marks include the word "Logic" and thus are reasonably part of the "family of 'Logic' sub-brands and corresponding registrations." (Compl. ¶ 12.) Counterclaim Counts Three and Four are dismissed only as to the following marks: '716 Power Series Mark; '449 The Most Trusted Brand Mark; and '646 Gourmet Crème Mark.

    C.    **Pleading with Sufficient Particularity under Rule 9(b)**

        1.    **Defendants Fail to Plead with Sufficient Particularity on Count One Except for the '791 Logic Mark.**

Plaintiff argues that Defendants "construct a mass allegation of fraud against multiple mark registrations" based on one allegedly fraudulent statement in the September 20, 2010 application for the '791 Logic Mark. (Pl.'s Moving Br. 13–14.) Aside from this allegation on the '791 Logic Mark, Defendants fail to allege specific facts or allegations of fraud in procuring the remaining trademarks. (*See, e.g.*, Counterclaim ¶ 35 ("The bulk of these subsequent applications indicate a first use date of 7/00/10 . . . .").) Allegations of fraudulent statements in the "bulk" of applications fail to satisfy the particularity requirement. Defendants must allege specific fraudulent statements within each trademark application to state a claim.

Defendants plead with sufficient particularly as to the '791 Logic Mark, however, because Defendants state the circumstances of the alleged fraud in procuring the '791 Logic Mark application. Among other allegations, Defendants allege that Plaintiff's declaration that "Logic" was first used in commerce August 20, 2010 was fraudulent because the www.LogiceCig.com domain was not active at that time. This allegation provides a sufficient factual basis to satisfy the particularity requirement.[6]

---

[6] Plaintiff also argues that Defendants "fail to show [Plaintiff] had the requisite intent to defraud the Trademark Office in procurement of a trademark registration." (Pl.'s Moving Br. 13.) Plaintiff

7

The Court, accordingly, dismisses Counterclaim Count One as to the following trademarks: "Logic Hookah"; "Logic Platinum"; "Logic Pro"; "Logic Black Label"; "Logic. Pro"; "Logic. Power"; "Logic. Vapeleaf"; "Logic."; and "Lqd. Logic." (*See* Counterclaim Count One ¶ 45.) The Court does not dismiss Counterclaim Count One as to the '791 Logic Mark.

### 2. Defendants Plead with Sufficient Particularity for Count Two.

Plaintiff argues that Defendants fail to sufficiently plead that Plaintiff knew or believed that Defendants had a right to the '791 Logic Mark in Count Two. Defendants plead that a New Jersey advertising company offered a logo design incorporating the word "Logic," which Defendants ultimately rejected. (Counterclaim ¶ 14.) Defendants further allege that this logo design was later used by Plaintiff, and that Plaintiff was told the logo had previously been rejected by Defendants who used the "Logic" trade name in the vaping industry. (Counterclaim ¶¶ 30–31.) Defendants also plead that Plaintiff registered www.LogicSmokes.com while Defendants already operated www.LogicSmoke.com, which also raises sufficient facts that Plaintiff knew or believed Defendants used the trade name "Logic." (Counterclaim ¶ 32.) Here, Defendants plead with sufficient particularity to satisfy the requirements for pleading knowledge under Rule 9(b).

### 3. Defendants Fail to Plead with Sufficient Particularity for the Remaining Trademarks[7] in Count Three.

Plaintiff argues that Defendants fail to plead with sufficient particularity for the eighteen subsequent trademarks obtained after the '791 Logic Mark in Count Four. Defendants allege that each subsequent trademark "is predicated on the same fraudulent conduct" by Plaintiff as to the

---

cites *Kelly v. Duprees MJA, LLC*, No. 08-6046, 2012 WL 1019473 (D.N.J. Mar. 23, 2012), a summary judgment decision, for the proposition that Defendants must "show . . . the intent to induce reliance upon the misrepresentation and reasonable reliance thereon." 2012 WL 1019473, at *7. Intent "may be alleged generally" at this stage, Fed. R. Civ. P. 9(b), so Plaintiff's argument is unpersuasive.

[7] *See supra* III.B.

'791 Logic Mark, that is: "that the 'Logic' mark was used in commerce in relation to the electronic cigarette business beginning on August 20, 2010 and that the predecessor-in-interest knew of no other existing use of the 'Logic' mark as of that date." (Counterclaim ¶¶ 62–63.) Here, Defendants only plead specific factual allegations for Plaintiff's conduct in seeking the '791 Logic Mark. A general allegation that Plaintiff made the same fraudulent statements on eighteen subsequent trademark applications fails to satisfy the particularity requirement. Defendants must plead fraud for each trademark, such as what the content of the fraudulent statements were, when they were made, and how they were made. The Court, accordingly, dismisses Counterclaim Count Three in its entirety.

4. **Defendants Fail to Plead with Sufficient Particularity on Count Four Except for the '791 Logic Mark.**

Just as for Counterclaim Counts One and Three, Plaintiff argues that Defendants fail to plead specific fraudulent statements to the U.S. Patent and Trademark Office on each trademark application, instead generally alleging fraudulent statements for all applications. Defendants fail to identify specific fraudulent statements under Counterclaim Count Four, instead pleading generally that "submission of false declarations to the USPTO constituted procurement of multiple registrations by a false or fraudulent declaration or representation." (Counterclaim ¶ 71.) Here, as with Counterclaim Counts One and Three, the Court finds that Defendants fail to plead a specific factual basis for the fraudulent statements except for those related to the '791 Logic Mark. The Court dismisses Counterclaim Count Four for all the following trademarks: Registration Nos. 4,408,122; 4,916,378; 5,095,939; 4,484,716; 4,626,449; 5,220,635; 5,188,646; 5,227,010; 5,299,535; 5,299,550; 5,299,551; 5,299,552; 5,299,553; 5,299,554; 5,299,555; 5,321,031; 5,362,691. (*See* Counterclaim ¶ 71.) The Court does not dismiss Counterclaim Count Four for the '791 Logic Mark.

## IV. CONCLUSION

In sum, the Court dismisses: (1) Counterclaim Count One for all trademarks except the '791 Logic Mark; (2) Counterclaim Count Three; and (3) Counterclaim Count Four for all trademarks except the '791 Logic Mark. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE