UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGIC TECHNOLOGY DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>AVI LEVY, *et al.*,<br><br>Defendants. | Civil Action No. 17-04630 (MAS) (TJB)<br><br><br>MEMORANDUM ORDER |

This matter comes before the Court on Plaintiff Logic Technology Development, LLC's ("Plaintiff") Motion for a Preliminary Injunction. (ECF No. 63.) Defendants Avi Levy and Electronic Cigarette USA Inc. ("ECUSA" and, together with Levy, "Defendants") opposed (ECF No. 65), and Plaintiff replied (ECF No. 70). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

**I.   BACKGROUND**

Plaintiff sells electronic cigarettes and associated products under the registered trademark LOGIC. (Compl. ¶ 11, ECF No. 1.) ECUSA sells electronic cigarettes and related products under the trade name Logic Smoke. (Answer & Countercl. 3, 11-12, ECF No. 30.) Defendant Levy is the registered agent and managing member of ECUSA. (Compl. ¶ 3.)

Plaintiff's Motion arises out of an action alleging trademark infringement, unfair competition, false designation of origin, cybersquatting, and "other deceptive trade practices" based on Defendants' alleged "impersonation of Logic by using the mark 'Logic Smoke' for competitive electronic cigarette products and other actions that are likely to confuse consumers." (Compl. ¶ 1.) Plaintiff seeks a preliminary injunction to enjoin Defendants' continued sale of goods bearing the allegedly infringing mark Logic Smoke. (Pl.'s Moving Br. 1, ECF No. 63-9.)

Plaintiff first registered the LOGIC mark with the U.S. Patent and Trademark Office (USPTO) on July 5, 2011. (Compl. ¶ 11.) After more than five years of continuous use, the USPTO certified that the LOGIC mark had attained incontestable status under the Lanham Act. (*Id.* (citing 15 U.S.C. § 1065).)[1]

Defendants claim they have been selling "electronic cigarette/vaping products" through various online stores under the trade name "Logic Smoke." (Answer & Countercl. 10-11.) On August 19, 2013, ECUSA applied to register "Logic Smoke" in the same class of products as the LOGIC Mark registration (i.e., electric cigarettes, electronic cigarettes, and electronic cigarettes for use as an alternative to traditional cigarettes). (Pl.'s Moving Br. 4 (citing Porter Decl. Ex. 4, Trademark Appl. for 'Logic Smoke,' ECF No. 63-5).) ECUSA filed an "Intent to Use" application, which allows a trademark registrant to protect a mark before using it in commerce based on its intent to use the mark at some point in the future. (*Id.* (citing 15 U.S.C. § 1501(b)).

The USPTO denied ECUSA's application because the mark created "a likelihood of confusion" with Logic's registered LOGIC and Logic Hookah marks. (Porter Decl. Ex. 6, Office Action for Logic Smoke *2, ECF No. 63-7.)[2] Specifically, the USPTO found that a "reasonable consumer, already familiar with [Plaintiff's] LOGIC electronic cigarettes, naturally would believe that [ECUSA's] LOGIC electronic cigarettes came from the same source. The addition of non-distinctive wording such as 'hookah' and 'smoke' would not make clear to consumers that the

---

[1] "Incontestable status provides, subject to the provisions of § 15 and § 33(b) of the Lanham Act, 'conclusive evidence of the registrant's exclusive right to use the registered mark . . . .'" *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 192 (1985) (quoting 15 U.S.C. § 1115(b)).

[2] Record citation pin-cites denoted with an asterisk indicate the page number in the CM/ECF header.

2

products came from different sources." (Office Action for Logic Smoke *3.) ECUSA abandoned its application on December 9, 2014. (Porter Decl. Ex. 7, Notice of Abandonment, ECF No. 63-8.)

In November 2016, Plaintiff sent a cease-and-desist letter to ECUSA demanding that it stop its sales of goods branded as Logic Smoke. (Pl.'s Moving Br. 5.) Despite that letter, Plaintiff asserts that ECUSA refused to halt its infringing sales; so Plaintiff filed this action in June 2017. (*Id.*) More than three-and-a-half years later, in January 2021, Plaintiff filed the instant Motion for a preliminary injunction against Defendants. (ECF No. 63.)

## II. LEGAL STANDARD

The district court must consider four factors when ruling on a motion for preliminary injunctive relief: "(1) the likelihood that the applicant will prevail on the merits…; (2) the extent to which the plaintiffs are being irreparably harmed by the conduct…; (3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest." *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992). Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

"Generally, to win a trademark claim, a plaintiff must establish that: (1) the trademark is valid and legally protectable; (2) the trademark is owned by the plaintiff; and (3) the defendant's use of the mark is likely to create confusion concerning the origin of the goods or services." *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 331 (D.N.J. 1997) (citing *Opticians Ass'n*, 920 F.2d at 192).

products came from different sources." (Office Action for Logic Smoke *3.) ECUSA abandoned its application on December 9, 2014. (Porter Decl. Ex. 7, Notice of Abandonment, ECF No. 63-8.)

In November 2016, Plaintiff sent a cease-and-desist letter to ECUSA demanding that it stop its sales of goods branded as Logic Smoke. (Pl.'s Moving Br. 5.) Despite that letter, Plaintiff asserts that ECUSA refused to halt its infringing sales; so Plaintiff filed this action in June 2017. (*Id.*) More than three-and-a-half years later, in January 2021, Plaintiff filed the instant Motion for a preliminary injunction against Defendants. (ECF No. 63.)

## II. LEGAL STANDARD

The district court must consider four factors when ruling on a motion for preliminary injunctive relief: "(1) the likelihood that the applicant will prevail on the merits…; (2) the extent to which the plaintiffs are being irreparably harmed by the conduct…; (3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest." *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992). Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

"Generally, to win a trademark claim, a plaintiff must establish that: (1) the trademark is valid and legally protectable; (2) the trademark is owned by the plaintiff; and (3) the defendant's use of the mark is likely to create confusion concerning the origin of the goods or services." *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 331 (D.N.J. 1997) (citing *Opticians Ass'n*, 920 F.2d at 192).

## III.     DISCUSSION

"A preliminary injunction is an 'extraordinary remedy' that should issue only in limited circumstances." *Petlock v. Nadrowski*, No. 16–310, 2018 WL 491662, at *1 (D.N.J. Jan. 19, 2018) (quoting *Rawls v. Pa. Dep't of Corr.*, 334 F. App'x 462, 464 (3d Cir. 2009)). Plaintiff has not met its burden of establishing this extraordinary remedy because it cannot show that it has been irreparably harmed. *Cf. Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

To establish irreparable harm, Plaintiff must show harm "of a peculiar nature, [such] that compensation in money cannot atone for it." *Morton v. Beyer*, 822 F.2d 364, 372 (3d Cir. 1987) (citation omitted). "Grounds for finding irreparable injury [in trademark disputes] include loss of control of reputation, loss of trade, and loss of good will." *Opticians Ass'n*, 920 F.2d at 195–96. "A finding of irreparable harm can also be based on likelihood of confusion." *Id.* at 196 (listing cases). That said, where a plaintiff shows a "lengthy and inexcusable delay" in seeking a preliminary injunction, it "knocks the bottom out of any claim of immediate and irreparable harm." *Pharmacia Corp. v. Alcon Labs., Inc.*, 201 F. Supp. 2d 335, 383 (D.N.J. 2002) (listing cases). A delay in seeking injunctive relief "is evidence that speedy relief is not needed." *EMSL Analytical, Inc. v. Testamerica Analytical Testing Corp.*, No. 05–5259, 2006 WL 892718, at *12 (D.N.J. Apr. 4, 2006) (listing cases).

The period of delay begins to run "once the plaintiff has actual or constructive knowledge of the [d]efendant's use of infringing marks." *Id.* In this case, Plaintiff filed its Complaint on June 23, 2017, and filed the Motion for Preliminary Injunction on January 22, 2021, a delay of more

than three-and-a-half years. And Plaintiff no doubt knew about Defendants' use of the Logic Smoke brand before filing its Complaint because it sent Defendants a cease-and-desist letter in November 2016—more than *four years* before filing the instant Motion. (*See* Pl.'s Moving Br. 5.) The Court is aware of no analogous case—and Plaintiff has cited none—where a litigant successfully established irreparable harm after a delay of more than three years. *Accord Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013) ("The District Court properly relied on [Plaintiff's] two-year delay in seeking a preliminary injunction as sufficient proof that the risk of immediate irreparable harm did not exist.").

In fact, many courts have found that a delay of just weeks or months precludes a showing of irreparable harm. *New Dana Perfumes Corp. v. The Disney Store, Inc.*, 131 F. Supp. 2d 616, 630 (M.D. Pa. 2001) (finding that an unexplained delay of two months in filing cease and desist letter followed by unexplained delay of five months in moving for injunctive relief precluded a finding of irreparable harm); *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 312 (E.D. Pa. 1993) (delay of 50 days after plaintiff acquired knowledge of infringement precluded finding of irreparable harm); *cf. Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998) (noting that in the trademark infringement context "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months").

Resisting these cases, Plaintiff argues that it needed information regarding the status of Defendants' Premarket Tobacco Product Applications before filing this Motion, and blames Defendants' slow response to discovery requests for its belated filing. (Pl.'s Reply Br. 12–13.) The Court is not persuaded. Plaintiff filed a detailed Complaint against Defendants in June 2017 and had ample basis for seeking injunctive relief at that time. (*Id.* at 3.) And Plaintiff has cited no case in which a court found that a litigant may delay filing a preliminary injunction for years while it

5

seeks evidence of statutory violations with only peripheral relevance to its trademark claims. Nor is this case like cases where courts have justified a plaintiff's delay—such as when the plaintiff is involved in good-faith settlement negotiations with the defendant. *See, e.g., Times Mirror Mags., Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157, 169 (3d Cir. 2000) (finding a 15-month delay in filing a preliminary injunction application justified because the delay was attributable to negotiations between the parties). Plaintiff simply has not provided a sufficient justification for the extraordinarily long delay in this case.

Because the Court finds that Plaintiff has failed to satisfy the second prong of the preliminary injunction analysis, Plaintiff's motion for preliminary injunction fails. *See Opticians Ass'n*, 920 F.2d at 192 ("Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue.").

IV. **ORDER**

Plaintiff is unable to justify the extensive delay of more than three-and-a-half years in seeking injunctive relief. Without a showing of irreparable harm, Plaintiff cannot meet its burden. Accordingly, for the reasons set forth above, and for good cause shown,

IT IS, on this 31st day of August 2021, hereby **ORDERED** as follows:

1. Plaintiff's Motion for a Preliminary Injunction (ECF No. 63) is **DENIED**.

                                                                                                 /s/ Michael A. Shipp
                                                                                                 **MICHAEL A. SHIPP**
                                                                                                 **UNITED STATES DISTRICT JUDGE**